PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW G. PALMER, | ) | |
| | ) | CASE NO. 5:18-CV-01111 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DAVE MARQUIS, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER**  [Resolving ECF No. 30] |
| | ) | |

Pending before the Court is *Pro Se* Petitioner Andrew G. Palmer's Objections to the

Report and Recommendation of the assigned magistrate judge.  ECF No. 30.  The case was

referred to the magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636

and Local Rule 72.2.  The magistrate judge issued a Report (ECF No. 28) recommending that the

Court deny the petition because Petitioner's claims are either procedurally defaulted or lack merit

under 28 U.S.C. § 2254.  ECF No. 28 at PageID #: 1328.

For the following reasons, Petitioner's objections are overruled, the Report and

Recommendation is adopted, and the petition is dismissed.

## I. Background

The instant petition originates from Petitioner's June 2016 conviction of drug possession

and trafficking charges.[1]  Petitioner was sentenced to 30 months in prison.  In July 2016,

Petitioner appealed his conviction, arguing his Fourth Amendment rights were violated, the jury

---

[1] There was also a related forfeiture count.

(5:18-CV-01111)

was improperly instructed, and the forfeiture count should be overturned.[2]  In May 2017, the state

appellate court affirmed the trial court.  The following month, Petitioner appealed to the Ohio

Supreme Court, raising the same arguments of his previous appeal.  The Ohio Supreme Court

declined to accept jurisdiction in September 2017.

In July 2017, Petitioner sought to reopen his appeal by filing an application with the state

appellate court.  As support for this, Petitioner argued his Sixth Amendment Right to Counsel

was violated because his appellate counsel failed to raise a series of arguments.  The arguments

were related to Petitioner's Fourth Amendment rights, evidentiary issues, and the forfeiture

count.  Similar to his previous appeal, the state appellate court denied his application in

September 2017 and the Ohio Supreme Court declined to exercise jurisdiction in December

2017.

In June 2017, Petitioner filed a motion with the state trial court to vacate his conviction,

basing the challenge on Fourth Amendment violations, evidentiary issues, and ineffective

assistance of trial counsel.  The trial court denied it that same month.  In July 2017, Petitioner

appealed to the state appellate court raising similar Fourth Amendment, evidentiary, and

ineffective assistance of counsel issues.  The state appellate court denied the appeal in April

2018.  The next month, in May 2018, Petitioner appealed to the Ohio Supreme Court, again

raising Fourth Amendment, evidentiary, and ineffective assistance of counsel issues.  The Ohio

Supreme Court did not accept jurisdiction.

---

[2]  Petitioner also filed a motion with the trial court to vacate his sentence in March
2017, while his appeal was pending.  The trial court denied it because his appeal was
pending.

2

(5:18-CV-01111)

In May 2018, prior to the Ohio Supreme Court's decision, Petitioner filed the instant

petition, asserting Eighteen Grounds for Relief, again focusing primarily on Fourth Amendment,

evidentiary, ineffective assistance of counsel, and jury instruction issues.  The magistrate judge

ultimately concluded that Petitioner either defaulted or lacked merit on each ground for relief.[3]

The Court has reviewed the record and Petitioner's objections carefully.  For the reasons

set forth below, the Report and Recommendation is adopted, Petitioner's objections are

overruled, and the petition is dismissed.

**II.  Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the Report and Recommendation, the District Court

standard of review is de novo.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine de novo any part of the magistrate judge's disposition that has
> been properly objected to.  The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id*.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state

court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or

---

[3]  The Magistrate Judge concluded that Petitioner defaulted on Ground 4, 16, and
18 and, on the remaining grounds, the Petitioner's claim lacked merit.  ECF No. 28 at
PageID #: 1305.

(5:18-CV-01111)

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.").

### III. Analysis

### A. Objection Numbers 1 – 2

Petitioner claims that the magistrate judge and the state court conspired to violate Petitioner's Right to Access to the courts by covering up police action and evidence. ECF No. 30 at PageID #: 1332. Specifically, Petitioner alleges that the magistrate judge is (1) concealing the case from the public by not reporting decisions, namely the Report and Recommendation, and (2) not adjudicating the case on the merits. ECF No. 30 at PageID #: 1332, 1334.

4

(5:18-CV-01111)

In support of his positions, Petitioner emphasizes (1) the state prosecutor's inability to produce the search warrant at the suppression hearing prior to Petitioner's trial and (2) the alleged forged signature on the search warrant, which was corroborated by expert review. ECF No. 30 at PageID #: 1332-1334, 1352-1360.

While Petitioner makes reference to the record, he does not cite to any legal authority as support for his position that the magistrate judge and the state court conspired against him. Also, Petitioner's claim was adjudicated on the merits, as he had a jury trial resulting in a verdict and sentence. *Rice v. White*, 660 F.3d 242, 257 (6th Cir. 2011) (stating that "[p]etitioner's claim was adjudicated on the merits in state court" given that Petitioner had a trial and was convicted.) Additionally, Reports and Recommendations are available on the court's public docket and may be subject to review by a district judge. Moreover, this Order is such a review.

Objection Numbers 1 and 2 are overruled.

## B. Objection Number 3

Petitioner asserts that the magistrate judge abused his discretion when he failed to determine whether Petitioner was able to (1) expand the record with judicial notice, (2) conduct discovery, and (3) have a discovery hearing. ECF No. 30 at PageID #: 1335. To support this objection, Petitioner cites his own arguments, including those in his Traverse (ECF No. 19), arguments made during the suppression hearing, and his habeas petition. ECF No. 1. Petitioner does not offer any new or neutral support or analysis as justification for his belief that the magistrate judge abused his discretion. "The Court is under no obligation to review *de novo* objections that are merely perfunctory or an attempt to have the Court reexamine the same

5

(5:18-CV-01111)

arguments set forth in the original petition." *Roberts v. Warden, Toledo Corr. Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, at \*7 (S.D. Ohio July 14, 2010).  This objection is also overruled.

### C.  Objection Numbers 4 – 7

Petitioner raises four objections relating to his ineffective assistance of counsel claims.  Specifically, Petitioner argues that the magistrate judge abused his discretion and violated clearly established Supreme Court precedent,[4] statutory authority,[5] and made erroneous conclusions about the veracity of Petitioner's claims.  ECF No. 30 at PageID#: 1337 – 1344.

"To prevail on an ineffective assistance of counsel claim, Petitioner must demonstrate (1) his attorney on direct appeal made such serious errors that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment of the United States Constitution; and (2) counsel's deficient performance prejudiced the defense." *Roberts*, 2010 WL 2794246, at \*5 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).[6]  Petitioner restates both the state court rulings and the magistrate judge's recommendations along with his prior arguments to bolster his position.  Petitioner does not make an argument that his trial or appellate counsel fell below professional standards.  Rather, Petitioner offers only arguments that could have been made at the suppression hearing and on appeal.  *See Roberts*. 2010 WL 2794246 at \*5 (citing *Strickland*, 466 U.S. at 687)

---

[4]  Petitioner cites to: (1) *Cone v. Bell*, 556 U.S. 449, 472 (2009), (2) *Wiggins v. Smith*, 539 U.S. 510, 534 (2003), and (3) *Smith v. Robbins*, 528 U.S. 259, 289 (2000).

[5]  Petitioner cites to: 28 U.S.C. § 2254(e)(1).

[6]  The same standard applies to ineffective assistance claims against trial and/or appellate counsel.  *See Jackson v. Bradshaw*, 681 F.3d 753, 761 (6th Cir. 2012).

(5:18-CV-01111)

("Appellate counsel is not constitutionally ineffective under this prong merely because he declines to raise a non-frivolous issue on appeal that was requested by the defendant[.]").  These objections are overruled.

### D.  Objection Number 8

Petitioner argues that the magistrate judge abused his discretion by relying on clearly erroneous findings of fact when determining that Detective Carney removed a package from the conveyor belt.  ECF No. 30 at PageID #: 1344.  As grounds for this argument, Petitioner highlights factual findings from his trial and then makes reference to his ineffective assistance of counsel claims, which Petitioner claims were not reviewed on the merits.  Petitioner cites to no legal authority establishing that the magistrate judge abused his discretion or made clearly erroneous findings.  Petitioner's objection is overruled.

### E.  Objection Number 9

Petitioner objects to the magistrate judge's finding that Ground Six was without merit.[7] ECF No. 30 at PageID #: 1345.  To bolster his position, Petitioner recites what is needed to establish constructive possession, as well as the state appellate court's ruling on the issue. Petitioner offers nothing more than legal conclusions that a legal error was made.  Petitioner's objection is overruled.

---

[7] Ground Six states: "The evidence was insufficient as a matter of law to establish guilt beyond a reasonable doubt that petitioner actually possessed the UPS parcel."  ECF No. 28 at PageID #: 1296, 1315-1320.

7

(5:18-CV-01111)

### IV. Conclusion

Petitioner's Objections (ECF No. 30) are overruled and the Report and Recommendation (ECF No. 28) is adopted.  Andrew G. Palmer's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 September 13, 2021                  /s/ Benita Y. Pearson
Date                                Benita Y. Pearson
                                    United States District Judge

8